# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC AND VARIANT, INC.<br><br>*Plaintiff*,<br><br>v.<br><br>Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. DBA HOTEL ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS; ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC.<br><br>*Defendants*. | Case No. 2:11-cv-290-JRG<br><br>**JURY TRIAL DEMANDED** |

# **REPLY OF DEFENDANT NEXTAG, INC. IN SUPPORT OF ITS MOTION TO SEVER**

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

-and-

Michael J. Scheer
Email: mscheer@winston.com
Peter Lambrianakos
Email: plambrianakos@winston.com
WINSTON & STRAWN, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Defendant NexTag, Inc.*

# TABLE OF CONTENTS

PAGE

I. ARGUMENT .....1

A. VARIANT'S CLAIMS AGAINST NEXTAG MUST BE SEVERED BECAUSE VARIANT HAS FAILED TO SATISFY THE "TRANSACTION-OR-OCCURRENCE" PRONG OF RULE 20(A)(2)(A). .....1

1. VARIANT HAS FAILED TO SHOW THAT THE DEFENDANTS' PRODUCTS ARE THE SAME IN RESPECTS RELEVANT TO THE ASSERTED PATENT. .....1

2. VARIANT HAS FAILED TO SHOW THAT ITS CLAIMS AGAINST NEXTAG AND THE OTHER DEFENDANTS SHARE AN AGGREGATE OF OPERATIVE FACTS .....4

B. NEXTAG'S MOTION TO SERVER IS TIMELY .....5

II. CONCLUSION .....6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re EMC Corp.*,
    677 F.3d 1351 (Fed. Cir. 2012)................................................................................1, 2, 4, 5

*Phillips Electronics N.A. Corp. v. Contec Corp.*,
    220 F.R.D. 415 (D. Del. 2004) ..............................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ.P 20(a)(2).......................................................................................................1, 3

Fed. R. Civ. P. 21 .............................................................................................................1, 5

Defendant NexTag, Inc. ("NexTag") submits this reply memorandum of law in further support of its motion, pursuant to Rules 20(a)(2) and 21 of the Federal Rules of Civil Procedure, to sever the claims of Plaintiffs, Variant Holdings, LLC and Variant, Inc. (collectively, "Variant"), against NexTag.

## I. ARGUMENT

### A. VARIANT'S CLAIMS AGAINST NEXTAG MUST BE SEVERED BECAUSE VARIANT HAS FAILED TO SATISFY THE "TRANSACTION-OR-OCCURRENCE" PRONG OF RULE 20(A)(2)(A).

The Federal Circuit in *In re EMC Corp.* held that the "transaction-or-occurrence" prong of Rule 20(a)(2)(A) is satisfied only if two elements are present: (1) the accused products of independent defendants are "the same in aspects relevant to the patent"; and (2) the claims against the defendants "share an aggregate of operative facts." 677 F.3d 1351, 1359-60 (Fed. Cir. 2012). Since Variant has failed to satisfy either element of the "transaction-or-occurrence" prong with respect to its claims against NexTag, those claims should be severed from this action.

### 1. VARIANT HAS FAILED TO SHOW THAT THE DEFENDANTS' PRODUCTS ARE THE SAME IN RESPECTS RELEVANT TO THE ASSERTED PATENT.

To support its joinder of NexTag with the other defendants, Variant was required to show that NexTag's accused website is "the same in respects relevant to the patent" as the websites of the other defendants. *In re EMC Corp.*, 677 F.3d at 1359. *Id.* Variant failed to do so.

Variant's allegations that all of the defendants infringe claims 2 and 3 of the asserted patent do not provide any factual basis to establish that the accused products are "the same in respect relevant to the patent." (D.I. 73 ¶¶ 4-12.) Paragraphs 4 through 12 of Variant's response merely summarize the elements of claims 2 and 3 of the patent, (*see, e.g.*, D.I. 73 ¶¶ 6-8), and

predict that when Variant serves infringement contentions, it will show that each of the defendants' accused products infringe those claims. (D.I. 73 ¶¶ 8-12.) But "sameness" is not established by showing that "the same patent claims are alleged to be infringed" by each of the defendants. *See In re EMC Corp.*, 677 F.3d at 1359. Rather, Variant was required to make a factual showing that NexTag's and its co-defendants' products practice the elements of the claims *in the same way* such that they can fairly be characterized as "the same" product. *See id.* at 1359 n. 5 (collecting cases where joinder was improper because the accused products infringed the same patents in different ways).

Similarly, the allegations in paragraphs 13 through 17 and 22 through 24 of Variant's response fail to satisfy the "sameness" test because they purport to show how NexTag's website infringes without demonstrating that it infringes *in the same way* as any of the other defendants' websites. While more detailed than the previous allegations, these paragraphs constitute nothing more than preliminary infringement contentions that do not address the "sameness" of NexTag's website with respect to any of its co-defendants' accused products.

Lacking evidence of "sameness," Variant is left to argue that the accused products are the same because each defendant infringes exemplary claims 2 and 3 of the patent because its server (the "first CCCF's") is connected to the Internet and is thus linked to the servers of its co-defendants (the "other CCCF's"). (D.I. 73 ¶¶ 30-33.) This argument fails for two reasons.

First, even if it were true that NexTag's "first CCCF" links to its co-defendants' "other CCCF's," this does not establish that NexTag's website is the same as any other defendant's website "in respects relevant to the patent." The proper analysis under the "sameness test" is whether NexTag's entire accused website, including its "first CCCF," infringes the patent in the same way as the other defendants' websites, including their "first CCCF's." The fact that

NexTag's "first CCCF" is connected to the Internet and can theoretically be linked to the co-defendants' servers, among literally millions of servers on the Internet, is irrelevant to the "sameness" inquiry.

In contradiction to its contention that defendants' websites satisfy the "sameness" requirement by being linked to the other defendants' websites, Variant concedes that the infringement by each defendant is "not dependent on any other party, including not being dependent on any other defendant." (D.I. 73 ¶ 33.) Consistent with this assertion, Variant has not lodged claims for joint infringement, inducing infringement or contributory infringement against any of the defendants. As such, the tenuous alleged connection between one defendant's "first CCCF's" and its co-defendants' "other CCCF's" is admittedly irrelevant to Variant's infringement claims.

Second, even if Variant's argument were valid in principle, it nevertheless fails because Variant presents no facts establishing that NexTag's "first CCCF" actually accesses the "other CCCF's" of any of its co-defendants. Variant's response includes a screenshot suggesting that co-defendant Yelp's website accesses the server of co-defendant Extended Stay Hotels, (D.I. 73 ¶¶ 20-21), but conspicuously fails to show that NexTag's server accesses the servers of any of its co-defendants. (*See, e.g.*, D.I. 73 ¶ 16 (including only a conclusory allegation that NexTag's "first CCCF" accesses its co-defendants' "other CCCF's" without providing any factual support)) Certainly, if Variant were in possession of any evidence that NexTag's website accessed its co-defendants' servers, it would have presented that evidence in its responsive papers.

For these reasons, Variant has failed to satisfy the "sameness" element of the "transaction-or-occurrence" test of Rule 20(a)(2)(A).

## 2.  VARIANT HAS FAILED TO SHOW THAT ITS CLAIMS AGAINST NEXTAG AND THE OTHER DEFENDANTS SHARE AN AGGREGATE OF OPERATIVE FACTS.

Severance is also appropriate because Variant has not shown that its claims against NexTag share an aggregate of operative facts with Variant's claims against the other defendants.

The Federal Circuit in *In re EMC Corp.* held that even where accused products are identical, joinder is inappropriate unless there is an "actual link between the facts underlying each claim of infringement." 677 F.3d at 1359. In this case, this "actual link" can be demonstrated through factual considerations such as whether: (1) the acts of infringement occurred during the same time period; (2) a relationship exists between NexTag and other defendants; (3) NexTag and other defendants used identically sourced components; (4) NexTag has licensing or technology agreements with other defendants; (5) NexTag's website development overlaps with other defendants' website development; and (6) Variant, as a non-practicing entity, has a bona fide claim for lost profits. *Id.* at 1359-1360.

Variant's response only addresses two of these six factual considerations, arguing that: (1) the defendants all infringe during the relevant time; and (2) the defendants are related because their websites can be contacted from one another. Neither of these arguments is valid.

First, Variant presents no evidence that NexTag's alleged infringement overlapped in time with any of its co-defendants' infringement. (D.I. 73 ¶ 42.) Variant did not identify the time periods during which any of the defendants' websites allegedly infringed the asserted patent. Variant's unsworn, conclusory allegation that "the servers of the defendants have been linked together by the internet at all relevant times," (*id.*), without more, should be disregarded by this Court.

Second, as discussed above, Variant provides no support for its assertion that NexTag's accused website can access, or can be accessed by, any of its co-defendant's websites. (D.I. 73

4

¶ 42.) Moreover, even if there were such evidence, the fortuitous access by NexTag's website to a handful of the other defendants' websites—which are among the millions of websites on the Internet that have information about goods and services—is hardly the type of "relationship" that links two defendants in a lawsuit. Even if mutual access by websites established some type of relationship between the websites, it falls far short of establishing a meaningful relationship for joinder purposes among the defendants who own those websites.

As to the remaining factual considerations identified by the *In re EMC Corp.* decision, Variant does not present any facts or even argue that NexTag and the other defendants used identically sourced components, NexTag has licensing or technology agreements with other defendants, NexTag's website development overlaps with other defendants' website development, or Variant has a bona fide claim for lost profits. As such, Variant's claims against NexTag should be severed because Variant has failed to demonstrate that its claims against NexTag and the other defendants share an aggregate of operative facts sufficient to support joinder.

**B.  NEXTAG'S MOTION TO SERVER IS TIMELY.**

Variant argues, without legal support, that NexTag's motion to sever should be denied as untimely. (D.I. 73 ¶¶ 2, 44.) This argument disregards the text of Rule 21 of the Federal Rules of Civil Procedure, which states, "[o]n motion or on its own, the court may *at any time*, on just terms, add or drop a party." Fed. R. Civ. P. 21 (emphasis added). Courts have severed defendants on motions after the close of discovery, finding no prejudice to the plaintiff's trial preparations. *See, e.g.*, *Phillips Electronics N.A. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004). Variant cannot demonstrate prejudice where discovery in this case has not yet begun. Accordingly, NexTag's motion to sever is timely and should be granted.

**II.    CONCLUSION**

For the foregoing reasons, Defendant NexTag, Inc. respectfully requests that this Court grant its motion to sever pursuant to Rules 20(a)(2) and 21 of the Federal Rules of Civil Procedure.

Dated:  July 11, 2012                                        Respectfully submitted,

> By:    *s/Melissa Richards Smith*
> Melissa Richards Smith
> Texas State Bar No. 24001351
> GILLAM & SMITH, LLP
> 303 South Washington Avenue
> Marshall, Texas 75670
> Telephone: (903) 934-8450
> Facsimile: (903) 934-9257
> E-mail: melissa@gillamsmithlaw.com
>
> -and-
>
> Michael J. Scheer
> Email: mscheer@winston.com
> Peter Lambrianakos
> Email: plambrianakos@winston.com
> WINSTON & STRAWN, LLP
> 200 Park Avenue
> New York, New York 10166
> Telephone: (212) 294-6700
> Facsimile: (212) 294-4700
> *Attorneys for Defendant NexTag, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 11th day of July, 2012  per Local Rule CV-5(a)(3).

> */s/ Melissa R. Smith*