**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

VARIANT HOLDINGS, LLC AND VARIANT, INC.

*Plaintiff,*

v.

Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. DBA HOTEL ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS; ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC.

*Defendants*.

Case No. 2:11-cv-290-JRG

**JURY TRIAL DEMANDED**

**<u>REPLY OF DEFENDANT NEXTAG, INC.</u>**
**<u>IN SUPPORT OF ITS MOTION TO TRANSFER</u>**

Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

-and-

Michael J. Scheer
Email: mscheer@winston.com
Peter Lambrianakos
Email: plambrianakos@winston.com
WINSTON & STRAWN, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Defendant NexTag, Inc.*

TABLE OF CONTENTS

PAGE

I. ARGUMENT ............................................................................................................................. 1

    a. THE AFFIDAVIT OF BAHMAN KOOHESTANI CONTAINS COMPETENT EVIDENCE, NOT LEGAL CONCLUSIONS. ............................................................................................................. 1

    b. THE FOUR PRIVATE FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA. ............................................................................................................................ 2

        1. RELATIVE EASE OF ACCESS TO SOURCES OF PROOF. ..................................... 2

        2. AVAILABILITY OF COMPULSORY PROCESS TO SECURE ATTENDANCE OF WITNESSES. ............................................................................................................ 3

        3. COST OF ATTENDANCE FOR WILLING WITNESSES. ....................................... 3

        4. ALL OTHER PRACTICAL PROBLEMS. ................................................................ 4

    c. ON BALANCE, THE FOUR PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER. .................................................................................................................................. 4

II. CONCLUSION ......................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008) ...................................................................................3

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009) ..............................................................................................2

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ..................................................................................................4

*In re Verizon Business Network Services Inc.*,
   No. 956, 2011 WL 1026623 (Fed. Cir. Mar. 23, 2011) ..........................................................2

*Marshall v. East Carroll Parish Hosp. Serv. Dist.*,
   134 F.3d 319 (5th Cir. 1998) ..................................................................................................1

*Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*,
   922 F.2d 220 (5th Cir. 1991) ..................................................................................................1

**STATUTES**

28 U.S.C. § 1404(a) ...................................................................................................................1, 5

Defendant NexTag, Inc. ("NexTag") submits this reply memorandum of law in further support of its motion, pursuant to 28 U.S.C. § 1404(a), to transfer the severed the claims of Plaintiffs, Variant Holdings, LLC and Variant, Inc. (collectively, "Variant"), against NexTag to the United States District Court for the Northern District of California

## I.   ARGUMENT

### a.   THE AFFIDAVIT OF BAHMAN KOOHESTANI CONTAINS COMPETENT EVIDENCE, NOT LEGAL CONCLUSIONS.

Variant's argument that NexTag's motion to transfer is not supported by competent evidence because the Declaration of Bahman Koohestani, (D.I. 69-2), contains only conclusory assertions is meritless. The Koohestani Declaration is replete with specific facts within Mr. Koohestani's personal knowledge, including the locations where the NexTag site has been developed, (D.I. 69-2 ¶ 3); the identities of former employees who may be called as witnesses, (*id.* ¶ 5); the locations of NexTag's relevant documents, including source code and financial information, (*id.* ¶ 6); and the lack of any NexTag facilities in this District, (*id.* ¶ 7). These specific facts lie in stark contrast to the unsupported expert conclusions that were deemed insufficient to defeat motions for summary judgment in the cases cited by Variant in its response. *See Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324-25 (5th Cir. 1998) (rejecting an affidavit of a nurse containing unsupported conclusory statements concerning whether the plaintiff was denied appropriate medical screening); *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 224 (5th Cir. 1991) (rejecting an expert affidavit that was wholly conclusory and not supported by sufficient facts). Since the Koohestani Declaration provides specific fact relevant to the transfer inquiry, it is competent evidence that is properly considered by this Court.

    **b.**    **THE FOUR PRIVATE FACTORS FAVOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA.**

            **1.**    **RELATIVE EASE OF ACCESS TO SOURCES OF PROOF.**

This factor weighs in favor of transfer to the Northern District of California because the source code and other documents relating to the accused website[1], which are relevant to infringement, and NexTag's financial information, which is relevant to damages, are located in that district. (D.I. 69-2 ¶ 6.) *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("[T]he place where the defendant's documents are kept weighs in favor of transfer to that location."). None of NexTag's witnesses, evidence, or facilities are located in the Eastern District of Texas. (D.I. 69-2 ¶ 7.)

Variant did not present evidence that it has operations in the Eastern District of Texas or that any documents or other proof are located in this District except for documents that were brought here in connection with prior litigation, which are irrelevant to the transfer inquiry. *See In re Verizon Business Network Services Inc.*, No. 956, 2011 WL 1026623, at *2 (Fed. Cir. Mar. 23, 2011). Although Variant may have corporate documents in Nevis and Wisconsin, and a small number of documents relating to the patents (e.g., file histories and settlement agreements) may be located in other cities, the bulk of the documents can be expected to come from NexTag as the accused infringer, and those documents are located in the Northern District of California. Thus, this factor weighs strongly in favor of transfer.

---

[1] Variant's argument that NexTag failed to explain why "early" development and implementation documents of Yelp's are relevant to this case is meritless for two reasons. (D.I. 72 ¶ 11.) First, NexTag did not state that "early" development documents were relevant. Rather, NexTag merely stated that all development prior to June 2011 occurred in San Mateo, California, and that all source code is located in San Mateo. (D.I. 69-2 ¶¶ 3, 6.) Second, NexTag did not make any arguments concerning the documents of Yelp.

## 2. AVAILABILITY OF COMPULSORY PROCESS TO SECURE ATTENDANCE OF WITNESSES.

This factor also strongly favors transfer because three former NexTag employees involved in the development an implementation of the NexTag website, (D.I. 69-2 ¶ 5), as well as several prior art witnesses (D.I. 47-1 ¶¶8-11), are all located in California. Variant has failed to identify a single witness located in the Eastern District of Texas. (D.I. 72 ¶¶ 12-17.)

Variant notes that NexTag did not indicate whether the three former NexTag employees are located in the Northern District of California, but California courts have *state-wide* subpoena power. *Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008). Therefore, all three of the identified former employees are subject to a subpoena issued out of the Northern District of California. Variant also argues that NexTag failed to explain why the three cited U.S. Patents are prior art, but Variant overlooks that all three patents are obviously prior art because they were cited by the Patent Office during prosecution of the asserted patent. (D.I. 72-1 at 2.)

## 3. COST OF ATTENDANCE FOR WILLING WITNESSES.

Given that the vast majority of the NexTag employees involved in the planning, architecture and development of the accused website work and live in the San Mateo area, (D.I. 69-2 ¶ 3), it is far more likely that willing witnesses will be found in the Northern District of California than the Eastern District of Texas, where no witnesses have been identified. Variant had identified a single witness, the inventor Mr. Wren. Variant argues that the Northern District of California "is not clearly more convenient" for the inventor than the Eastern District of Texas. However, Mr. Wren will be forced to travel a significant distance regardless of whether this case proceeds in California or Texas. As such, the overall cost of attendance will be far less if this case were transferred to the Northern District of California.

### 4.     ALL OTHER PRACTICAL PROBLEMS.

Variant contends that this factor weighs against transfer because NexTag's motion is supposedly untimely and will result in delay. (D.I. 72 ¶ 20.)  However, as the Fifth Circuit has observed, delay and prejudice associated with transfer is relevant only "in rare and special circumstances" that are "established by clear and convincing evidence." *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  Here, Variant would suffer no prejudice if this case were transferred because a scheduling conference has not yet been set, discovery has not yet begun and a trial date has not been set.  Variant's fear that a transfer would cause delay is pure speculation that is certainly not supported by "clear and convincing evidence."  Accordingly, this factor is neutral.

### c.     ON BALANCE, THE FOUR PUBLIC INTEREST FACTORS WEIGH IN FAVOR OF TRANSFER.

Variant argues that the court congestion factor weighs against transfer because there are 5,065 cases pending in the Northern District of California but only 1,932 cases pending in the Eastern District of Texas. (D.I. 72 ¶ 22.)  Variant, however, fails to provide a useful citation to this data or a copy of the data with its response.  According to the data submitted by NexTag, as of June 30, 2011, there were 4,070 pending cases in this District for 8 judgeships, or 509 cases pending per judgeship.  (D.I. 69-3, Ex. 6.)  In the Northern District of California, there were 6809 cases pending for 14 judgeships, or 486 pending cases per judgeship.  (*Id.*, Ex. 7.)  Therefore, while the Northern District of California may have more cases pending, it has approximately the same number of cases pending per judgeship as this District.  The congestion factor is thus neutral.

In arguing that the local interest factor is neutral, Variant references the website of co-defendant Yelp, and does not present any facts or make any argument with respect to NexTag.

(D.I. 72 ¶ 24.) In any event, Variant cannot deny that the Northern District of California has the greatest interest in the severed action against NexTag because NexTag is headquartered there and any alleged infringement is related to the website that was designed and largely developed there. The parties and the underlying facts have no connection to the Eastern District of Texas except that NexTag's website is available in this District just as it is available in every other judicial district in America. The local interest factor thus weighs in favor of transfer.

## II. CONCLUSION

For the foregoing reasons, Defendant NexTag, Inc. respectfully requests that this Court grant its motion to transfer pursuant to 28 U.S.C. § 1404(a).

Dated: July 11, 2012

Respectfully submitted,

By: *s/Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

-and-

Michael J. Scheer
Email: mscheer@winston.com
Peter Lambrianakos
Email: plambrianakos@winston.com
WINSTON & STRAWN, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*Attorneys for Defendant NexTag, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on the 11th day of July, 2012 per Local Rule CV-5(a)(3).


                                                */s/ Melissa R. Smith*