IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC<br>AND VARIANT, INC.<br><br>　　　v.<br><br>Z RESORTS LLC, ET AL. | NO. 2:11-cv-290-JRG<br><br>JURY |

**PLAINTIFFS' SUR-REPLY TO NEXTAG'S MOTION TO TRANSFER VENUE**

Plaintiffs Variant Holdings, LLC and Variant, Inc. (collectively "Variant") respectfully submit this sur-reply to the Motion to Transfer filed by NexTag, Inc. ("NexTag"), Doc. No. 69, as follows:

**I.    INTRODUCTION.**

1.    NextTag has bears the burden of establishing that transfer of this case to the NDCA would be clearly more convenient. NexTag has failed to meet this burden. As an initial matter, NexTag's motion is untimely – having been filed more than ten months after this case was filed. However, even assuming that NexTag improper delay tactics did not warrant denial (which they do), the balance of public and private factors weighs against transfer of this case.

2.    In addition, NexTag premises its motion to transfer on the assumption that the Court will grant its motion to sever. NexTag does not address whether transfer to the NDCA would be more convenient if all defendants are considered. Since NexTag's motion to sever should be denied, NexTag's motion to transfer should also be denied.

**II.    ARGUMENT.**

　　**A.    NexTag's motion should be denied as untimely.**

3.    NextTag attempts to side-step the untimeliness of its motion by conflating its purposeful delay in seeking to sever and transfer this case with the delay that would be inherent

in a transfer. (Reply at 4.) The Court should not be misled. NexTag has not disputed that it waited over ten months to file its untimely motion. This delay is not attributable to any transfer, but rather is directly attributable to NexTag's improper delay tactics. As a threshold matter, the Court should not condone such conduct and should deny NexTag's motion as untimely and prejudicial.

        **B.**        **The Koohestani Declaration is Merely Conclusory.**

        4.        NexTag's reply provides no additional facts or competent evidence that would support its claim that transfer to NDCA is clearly more convenient. Merely repeating the conclusory statements from the Koohestani Declaration does not change the fact that they remain only conclusory statements. NexTag makes no attempt to explain why Koohestani's conclusory statements should even be considered. Rather, NexTag simply summarizes the contents of the declaration and makes the claim the unsupported statements are somehow different from the unsupported statements that have been rejected by the 5th Circuit. Mere attorney argument is insufficient to raise Koohestani's statements to the level of competent evidence. As such, the Koohestani Declaration should be disregarded.

        **1.**        **The Private Factors Do Not Favor Transfer.**

        **a)**        **The Relative Ease of Access to Sources of Proof – Neutral at best.**

        5.        NexTag improperly assumes that "the bulk of documents can be expected to come from NexTag." (Reply at 2.) There is no evidence regarding the volume of documents that will be produced in this case. Even if the Koohestani Declaration is considered – which it should not be – Mr. Koohestani makes no mention of the volume of documents in NexTag's possession. Further, NexTag has ignored the documents in Chicago and India that resulted from NexTag's

development activities in those locations. Therefore, NexTag has failed to establish that this factor favors transfer.

    b)  **The Availability of Compulsory Process to Secure the Attendance of Witnesses – Neutral at Best.**

6.  Here again, NexTag's Motion lacks any meaningful facts to back up its allegations. NexTag's citations to cherry-picked prior art is unpersuasive. NexTag's only explanation for its decision to identify three U.S. Patents is that were previously cited during prosecution of the '044 Patent. The fact that the Patent Office has already considered these references makes them of little, if any, value to NexTag's invalidity arguments. Further, NexTag has failed to state whether this is the entirety of the prior art it expects to use or whether it will cite additional prior art having inventors located outside of California and the NDCA.

    c)  **The Cost of Attendance for Willing Witnesses – Weighs Against Transfer.**

7.  As noted above, the Koohestani Declaration supporting NexTag's Motion does not meaningfully identify any specific witnesses who are clearly more convenient to NDCA. Perhaps the most important witness in the case is Stephen Wren, the sole inventor of the '044 patent, who currently works from an office in Chesterfield, Missouri. Chesterfield, Missouri is not clearly more convenient to NDCA than to EDTX.

8.  Further, the cost of room and board for witnesses attending hearings, including the *Markman* hearing, and trial will be substantially higher in NDCA than in EDTX. For these reasons, this factor weighs against transfer.

    d)  **All Other Practical Problems That Make a Trial Easy, Expeditious and Inexpensive – Weighs Heavily Against Transfer.**

9.  NexTag attempts to discount the significant delay and prejudice that would result from a belated transfer of this case. As stated previously, more than ten months of delay are

directly attributable to NexTag's improper delay tactics. Further, there is no reasonable dispute that a transfer now, on the eve of the Scheduling Conference, would cause significant further delay. Therefore, unlike the circumstances in *In re Horseshoe Entm't*, the prejudicial delay caused by NexTag's conduct is not just a possibility, but a certainty.

10. Further, there are two related cases pending before the Court. These two co-pending cases are based on the same '044 Patent at issue in this case and involve at least some of the same claims. As such, judicial economy weighs heavily against transfer and the necessarily duplicative proceedings that would result. Further, transfer of this case raises the possibility of conflicting findings, including conflicting claim constructions. For these reasons, this factor weighs heavily against transfer.

**2.   The Public Interest Factors Do Not Favor Transfer.**

**a)   The Administrative Difficulties Flowing From Court Congestion – Weighs Against Transfer.**

11. NexTag's citation solely to the number of cases per judge in the EDTX and NDCA fails to tell the whole story. NexTag has not disputed that cases make it to trial approximately three months faster in this District that in the NDCA. For this reason alone, this factor weighs against transfer.

12. In addition, this case has been pending for over a year. If the case is now transferred to the NDCA, the case would be put at the back of the line and would be substantially delayed. This delay would be prejudicial to Variant.

## III.   CONCLUSION.

13. NexTag's Motion should be denied as untimely. Further, even on the merits, NexTag has failed to meet its burden of proving that severance is appropriate, that NDCA is a proper venue, or that NDCA is clearly more convenient. Neither the private nor the public

interest factors favor transfer. NexTag has failed to meet its burden of showing that the Northern District of California is clearly more convenient, and transfer to that district is appropriate. Thus, NexTag's motion should be denied.

July 24, 2012                                    Respectfully submitted,

                                                 COLLINS, EDMONDS & POGORZELSKI, PLLC

                                                 By: /s/ *John J. Edmonds*
                                                 John J. Edmonds – Lead Counsel
                                                 Texas Bar No. 789758
                                                 Stephen F. Schlather
                                                 Texas Bar No. 24007993
                                                 COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                 1616 S. Voss Road, Suite 125
                                                 Houston, Texas 77057
                                                 Telephone: (281) 501-3425
                                                 Facsimile: (832) 415-2535
                                                 jedmonds@cepiplaw.com
                                                 sschlather@cepiplaw.com

                                                 Andrew W. Spangler
                                                 Texas Bar No. 24041960
                                                 Spangler Law P.C.
                                                 208 N. Green Street, Suite 300
                                                 Longview, Texas 75601
                                                 (903) 753-9300
                                                 (903) 553-0403 (fax)
                                                 spangler@spanglerlawpc.com

                                                 ATTORNEYS FOR PLAINTIFFS
                                                 VARIANT HOLDINGS, LLC AND
                                                 VARIANT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

July 24, 2012                                    /s/ *John J. Edmonds*
                                                 John J. Edmonds