IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC AND VARIANT, INC., <br><br>              Plaintiff, <br><br>   v. <br><br>Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. DBA HOTEL ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS; ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC. <br><br>              Defendants. | Civil Action No. 2:11-cv-00290-JRG <br><br>**JURY TRIAL DEMANDED** |

**RENEWED MOTION TO SEVER AND TRANSFER**

# TABLE OF CONTENTS

PAGE NO.

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................2

    A. Yelp. ............................................................................................................................3

    B. Variant. ........................................................................................................................3

    C. Third Party Witnesses .................................................................................................4

III. ARGUMENT ..........................................................................................................................4

    A. The Court Should Sever Yelp from the Other Defendants ........................................4

        1. Joinder Is Improper in a Patent Case Where the Accused Products Are Different or Do Not Share an Aggregate of Operative Facts ................4

        2. Yelp's product is not "the same in respects relevant to the patent" as the other accused products. ..........................................................................6

        3. Joinder Is Also Improper Because the Defendants Do Not Share an Aggregate of Operative Facts .........................................................................6

    B. The Case Against Yelp Should Be Transferred To Northern California. .................6

        1. Variant Could Have Brought Its Case Against Yelp In the Northern District ............................................................................................................7

        2. The Private Interest Factors Favor Transfer to the Northern District of California. .................................................................................................8

        3. The Public Interest Factors Favor Transfer to the Northern District of California. .................................................................................................9

IV. CONCLUSION .....................................................................................................................10

## TABLE OF AUTHORITIES

PAGE NO(S)

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
   600 F.3d 516 (5th Cir. 2010) ............................................................................................... 5

*Anderson v. Red River Waterway Comm'n*,
   231 F.3d 211 (5th Cir. 2000) ............................................................................................... 5

*ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*,
   261 F.R.D. 112 (E.D. Tex. 2009) ........................................................................................ 8

*Brackett v. Hilton Hotels Corp.*,
   619 F. Supp. 2d 810 (N.D. Cal. 2008) ................................................................................ 8

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012) ............................................................................... 1, 2, 5, 6

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) .......................................................................................... 8

*In re Verizon Bus. Network Servs. Inc.*,
   Misc. No. 956, 2011 WL 1026623 (Fed. Cir. March 23, 2011) ......................................... 8

*In re Volkswagen AG* ("*Volkswagen I*"),
   371 F.3d 201 (5th Cir. 2004) ............................................................................................... 7

*In re Volkswagen of Am., Inc.* ("*Volkswagen II*"),
   545 F.3d 304 (5th Cir. 2008) ............................................................................................... 7

*Neil Bros. Ltd. v. World Wide Lines, Inc.*,
   425 F. Supp. 2d 325 (E.D.N.Y. 2006) ................................................................................ 8

**Statutes**

28 U.S.C. § 1404 ........................................................................................................................... 7

35 U.S.C. § 1404 ........................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 21 ..................................................................................................................... 1, 5

Fed. R. Civ. P. 20 ..................................................................................................................... 1, 4

Pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure and 35 U.S.C. § 1404(a), Defendant Yelp! Inc. ("Yelp") respectfully moves, by and through the undersigned counsel, to sever the claims of Plaintiffs Variant Holdings, LLC and Variant, Inc. (collectively "Variant") against Defendant Yelp and transfer the severed claims against Yelp to the United States District Court for the Northern District of California.

## I.   INTRODUCTION

Variant accuses Yelp of infringing U.S. Patent No. 7,624,044 ("the '044 Patent") by virtue of operating the Yelp website, which allows users to read and write reviews of businesses such as restaurants. Variant accuses various other defendants of infringing the '044 Patent by virtue of operating their own websites. The Complaint alleges no connection between Yelp's website and the websites of any other defendant other than that each is accused of infringement and they are all accessible over the World Wide Web.

Yelp originally brought a motion to sever the claims against it (along with two other defendants, NexTag and Price Watch) and to transfer the claims against those defendants to the Northern District of California where Yelp and NexTag are both located. Price Watch has since dropped out of the case. After briefing on Yelp's motion was complete, the Federal Circuit decided *In re EMC Corp.*, 677 F.3d 1351 (Fed. Cir. 2012), holding that "joinder is not appropriate where different products or processes are involved." *Id.* at 1359. This Court directed Yelp to submit a renewed motion addressing that ruling. NexTag also moved on its own behalf to sever and transfer the case against it to Northern California. (Mot. Def. NexTag Sever & Transfer, ECF No. 69.) Both motions are now pending before the Court.

The Federal Circuit's decision in *In re EMC* mandates severance. No part of Yelp's website is the same as the website of any other defendant. Yelp's website is a different product or process from the websites of all the other defendants. That fact is dispositive under *In re*

*EMC*.

The transfer motion is equally straightforward. Neither Variant nor Yelp has any connection to this district. Variant's ties are to Nevis and Missouri, and it has not identified a single witness here. The Northern District of California, where Yelp's documents and witnesses are located, along with several third party witnesses, is indisputably a more convenient forum for the resolution of this dispute.

## II.   BACKGROUND

Variant filed its complaint on June 16, 2011, accusing nineteen defendants of infringing U.S. Patent No. 7,624,044 ("the '044 Patent").[1] There are effectively nine defendants: several defendants are related because, for example, they operate different entities associated with the same brand of hotel (s*ee*, *e.g.*, Compl. ¶¶ 7, 10 & 17, ECF No. 1). Even a cursory review reveals that these nine defendants fall into two distinct sets. The first set is made up of the Hotel Defendants (the ZaZa Hotel defendants, the Extended Stay Hotel defendants, the Rosewood Hotel defendants, the Tanglewood Resort, and TravelNet Solutions[2]). These entities operate hotels and websites for booking rooms in those hotels. The second set is made up of the Consumer Site Defendants (NexTag, Price Watch and Yelp). These entities operate websites for comparing products or businesses. PriceWatch failed to respond to the Complaint, and the Court entered a default judgment against it, leaving only Yelp and NexTag as the only Consumer Site Defendants in this case. (Order Granting Plas.' Mot. Court's Entry Default Def. Price Watch,

---

[1] Plaintiff voluntarily dismissed Defendant, StreetPrices.com, Inc. (d/b/a StreetPrices.com Corp. d/b/a StreetPrices.com) on September 28, 2011.

[2] TravelNet Solutions does business by the name VEM Global but for simplicity is referred to herein by the name TravelNet as identified in the complaint. *See* TravelNet Solutions Inc. – Now Doing Business as VEM Global, LLC, http://ralblog.vemglobal.com/2010/06/travelnet-solutions-inc-%E2%80%93-now-doing-business-as-vem-global-llc.html (July 17, 2010) (reproduced in Ex. E, Decl. Jesse Geraci Supp. Renewed Mot. Sever Transfer ("Geraci Decl.") submitted herewith).

ECF No. 68.) Variant accuses Yelp and NexTag of infringement by making, using or selling apparatuses that allow customers to "request additional information relating to goods or services." (Compl. ¶¶ 31, 32, 34 & 37.)

On September 15, 2011, Variant filed two more suits in the Eastern District, asserting the '044 Patent against 83 additional defendants.[3] Just as with the Hotel Defendants in this case, Variant accuses all 83 of the defendants in the co-pending cases of infringing by "provid[ing] customer information regarding rentals." (Compl. ¶¶ 29, 30, 33, 35 & 36.) All 83 of the defendants in the co-pending cases are either hotel companies or car rental companies, and Variant has accused their websites for "renting rooms" and "renting vehicles," respectively.

### A.     Yelp.

The Yelp website allows users to review and compare businesses. (*See* Geraci Decl. Exs. F & I.) Yelp has no presence in this District. (Decl. Michael Stoppelman Supp. Renewed Mot. Sever Transfer ("Stoppelman Decl.") submitted herewith ¶ 2.) Its headquarters are in San Francisco. (*Id*. ¶ 3.) The development of Yelp's website took place in San Francisco and all of its source code and technical documentation is located there. (*Id*. ¶ 4.) The individuals with knowledge of the operation of Yelp's website are likewise located in San Francisco. (*Id*. ¶ 4.) It would be more convenient for Yelp to litigate this case in San Francisco. (*Id*. ¶ 6.)

### B.     Variant.

Variant has no connection to Texas or the Eastern District. Variant Holdings, LLC, the assignee of the '044 Patent, has a principal place of business in the Caribbean island of Nevis. (Compl. ¶¶ 1 & 25.) Variant, Inc., the exclusive licensee of the '044 Patent, allegedly has a place of business in Wisconsin (*id*. ¶¶ 2 & 25), but according to Wisconsin state records,

---

[3] *Variant, Inc. v. AMERCO*, Case No. 2:11-cv-422-JRG (E.D. Tex. Sept. 15, 2011), and *Variant Holdings LLC v. Hilton Hotels Holdings*, 2:11-cv-427-JRG (E.D. Tex. Sept. 15, 2011).

Variant's principal office is in Chesterfield, Missouri—at the same address listed on the face of the patent as the address for the inventor, Stephen Wren. (Geraci Decl. ¶ 12, Ex. J.) It appears that Mr. Wren still lives in Chesterfield, Missouri. He is prosecuting a child application of the '044 Patent *pro se*, and in a filing with the USPTO dated September 15, 2011, he listed the same address in Chesterfield. (Geraci Decl. ¶ 13, Ex. K.) Variant has admitted that its corporate documents are in Nevis and McFarland, Wisconsin. (Plas.' Resp. NexTag's Mot. Transfer Venue at 5, ECF No. 72.). Variant does not allege that it practices the claimed invention.

Northern California and Eastern Texas are equally convenient for Variant.

### C.    Third Party Witnesses

Several non-party prior art witnesses reside in California outside the subpoena power of this Court but subject to the subpoena power of the Northern District of California. These witnesses include Lawrence Abrahams, inventor of U.S. Patent No. 5,347,632 (San Francisco Bay Area); Lawrence B. Lockwood, inventor of U.S. Patent No. 5,576,951 (La Jolla, California); Charles H. Ferguson, inventor of U.S. Patent No. 5,819,092 (Berkeley, California), and Joshua Kaplan, inventor of the iStation intereactive kiosk (San Francisco Bay Area). (Geraci Decl. Exs. S, T, U, & V.) Each of these witnesses has knowledge of prior art patents and systems. The Northern District of California would clearly be more convenient for them.

### III.   ARGUMENT

#### A.    The Court Should Sever Yelp from the Other Defendants

##### 1.    Joinder Is Improper in a Patent Case Where the Accused Products Are Different or Do Not Share an Aggregate of Operative Facts.

A plaintiff cannot join several parties in a single action simply by virtue of accusing them of infringing the same patent. The requirements for joinder are specified in Federal Rule of Civil Procedure 20. "Courts have described Rule 20 as creating a two-prong test, allowing joinder . . .

when (1) their claims arise out of the same transaction, occurrence, or series of transactions or occurrences and when (2) there is at least one common question of law or fact linking all claims." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal quotation marks omitted). The Court may add, drop or sever claims against a party when a plaintiff improperly joins parties in the same action. Fed. R. Civ. P. 21. The Court has broad discretion to sever claims. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

In *In re EMC*, the court held that "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." 677 F.3d 1351, 1357 (Fed. Cir. 2012). It is not enough that there be "some similarity in the allegedly infringing products or processes, similarity which would exist simply because the patent claims are alleged to be infringed." *Id.* at 1359. Instead, "[j]oinder of independent defendants is only appropriate where the accused products or processes are ***the same*** in respects relevant to the patent." *Id.* (emphasis added). Moreover, even "the sameness of the accused products or processes is not sufficient." *Id.* In addition, "the facts underlying the claim of infringement asserted against each defendant [must] share an aggregate of operative facts." *Id.* In other words, "[u]nless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical." *Id.* In making this second determination, the Court may consider other "pertinent factual considerations," including whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants,

overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits.  *Id.*

### 2. Yelp's product is not "the same in respects relevant to the patent" as the other accused products.

Variant asserts that Yelp operates a website that infringes the '044 patent.  Yelp's website is not alleged to be the same, either in whole or in part (even coincidentally) as the website of any other defendant.  That ends the inquiry.  *In re EMC*, 677 F.3d at 1359 ("joinder is not appropriate where different products or processes are involved").

### 3. Joinder Is Also Improper Because the Defendants Do Not Share an Aggregate of Operative Facts

Joinder is also impermissible for the independent reason that Variant has failed to allege that Yelp shares "an aggregate of operative facts" with any other defendant.  *Id.* at 1358.  Yelp does not have a relationship with any other defendant, it does not use identically sourced components, there are not licensing or technology agreements between the defendants, there is no overlap in the products' or processes' development and manufacture, and this case does not involve a claim for lost profits (since Variant is a non-practicing entity).  To the extent that Variant contends that all defendants are currently infringing its patent, that fact does not show that "there is an actual link between the facts underlying each claim of infringement."  *Id.* at 1359.  To the contrary, it is at most the type of "coincidence" that *In re EMC* expressly deems insufficient to support joinder.  *Id*.

### B. The Case Against Yelp Should Be Transferred To Northern California.

Variant's case against Yelp has no logical nexus to this District, and there is no reason for it to be here.  Neither Variant nor Yelp has any substantial connection to the Eastern District.  The Northern District of California is the most convenient venue for the case against Yelp (as it is for the case against NexTag), and for that reason the Court should transfer Variant's claims

against Yelp to the Northern District of California.

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When a party demonstrates that the transferee venue is "clearly more convenient," there is good cause to transfer a case. *See In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 315 (5th Cir. 2008) (en banc). Determining whether transfer is proper is a two-step process. The first step is to determine whether the suit could have been brought in the transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the suit could have been brought in the transferee district, then the court must weigh the relative conveniences, both for the parties and for the public. The Fifth Circuit has prescribed several private and public interest factors to weigh in deciding whether the proposed district is more convenient. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law. *Id.* These factors are not necessarily exhaustive or exclusive, and no one is given greater weight than the others. *See id.*

    **1. Variant Could Have Brought Its Case Against Yelp In the Northern District.**

This case could have been brought against Yelp in the Northern District of California, where Yelp has its principal place of business. (Geraci Decl. ¶ 11.)

## 2. The Private Interest Factors Favor Transfer to the Northern District of California.

Each of the private interest factors supports transfer here.

*First*, there is greater ease of access to sources of proof in California. Source code, documents and Yelp witnesses relating to the accused websites are all located in Northern California. (Stoppelman Decl. ¶¶ 4-5.) *See In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006) ("[T]he place where the defendant's documents are kept weighs in favor of transfer to that location."). There are no known witnesses in the Eastern District of Texas. Variant's corporate documents are located elsewhere, as is the sole inventor, Mr. Wren. It would be no more convenient for Variant to litigate the case in Marshall from its locations in Nevis or Missouri than it would be to litigate in Northern California. Variant may respond that it has documents in this district (and elsewhere) as a result of prior litigation involving the same patent. But the Federal Circuit has already rejected the existence of such prior litigation (with its attendant records) as a basis for refusing transfer. *In re Verizon Bus. Network Servs. Inc.*, Misc. No. 956, 2011 WL 1026623, at *2 (Fed. Cir. Mar. 23, 2011). As a result, this factor strongly supports transfer. *See*, *e.g.*, *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 126 (E.D. Tex. 2009) ("Since California is clearly the 'center of gravity' with respect to the witnesses and parties to this case, this factor weighs in favor of transfer.").

*Second*, third party witnesses, including four prior art witnesses, are located in California. These witnesses are subject to service of process in Northern California but not in Texas. *See Brackett v. Hilton Hotels Corp.*, 619 F. Supp. 2d 810, 821 (N.D. Cal. 2008) (statewide service of process). This factor strongly supports transfer.

*Third*, in light of the first two factors, the cost of attendance for willing witnesses would

be less in Northern California. Yelp witnesses (of which there are several) would not need to travel at all. As for Mr. Wren, the cost of transportation from Missouri to San Francisco (or San Jose or Oakland) is not materially different from the cost of transportation to Marshall. This factor therefore favors transfer as well.

The private interest factors thus favor transfer to Northern California. It would be significantly more convenient for Yelp and third party witnesses, and no more or less convenient for the plaintiff, to litigate the case there.

### 3. The Public Interest Factors Favor Transfer to the Northern District of California.

The public interest also supports transferring the case to the Northern District of California.

*First*, the two jurisdictions are comparable in terms of court congestion. Median time to disposition is basically the same (8 months in Northern California, compared to 8.6 months in the Eastern District). http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2011/appendices/C05Sep11.pdf. Median time to trial is six months shorter in Northern California. *Id.* And the median caseload for judges in the Northern District of California is 475 per sitting judge, as opposed to 488 in the Eastern District of Texas. Geraci Decl. Exs. X & Y. Court congestion is thus on balance neutral.

*Second*, Northern California has a local interest in deciding suits involving its domiciliaries. The Eastern District of Texas has no local interest in Variant's suit against Yelp. This factor weighs in favor of transfer.

*Third*, judges in both districts have extensive experience and familiarity with patent law. Both have been selected as part of the Patent Pilot Program. This factor is therefore neutral.

*Fourth*, there is no foreign law to be applied. This factor is therefore also neutral.

On balance, because the other public interest factors are neutral, the Northern District of California's localized interest weighs in favor of transfer there.

## IV. CONCLUSION

Variant's case against Yelp has no connection to the Eastern District of Texas. Accordingly, Yelp respectfully asks the Court to sever Variant's claims against Defendant Yelp and transfer the case against it to the United States District Court for the Northern District of California.

Dated:  August 1, 2012

Respectfully submitted

/s/ *Darby V. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone:  903-255-1000
Facsimile:  903-255-0800
Email: jdoan@haltomdoan.com
Email: ddoan@haltomdoan.com

Daralyn J. Durie
Jesse Geraci (pro hac vice)
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111-3007
Telephone:  415-362-666
Email: ddurie@durietangri.com
Email: jgeraci@durietangri.com

**ATTORNEYS FOR DEFENDANT YELP! INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 1st day of August, 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Darby V. Doan*
Darby V. Doan

## CERTIFICATE OF CONFERENCE

I, Darby V. Doan, certify as follows:

This is a Renewed Motion to Sever and Transfer. Pursuant to this Court's order, the parties were directed to meet and confer in compliance with Local rule CV-7(h) regarding the briefing schedule for this opposed motion. Daralyn Durie, counsel for Defendant Yelp! Inc. engaged in a personal telephonic conference with John Edmonds, counsel for plaintiffs, on July 30, 2012, to discuss the briefing schedule. Plaintiffs are opposed to the filing of this motion and discussions have ended in an impasse leaving this issue open for the Court to resolve.

*/s/ Darby V. Doan*
Darby V. Doan