IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC AND VARIANT, INC., <br><br>                    Plaintiff, <br><br>    v. <br><br>Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. DBA HOTEL ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS; ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC. <br><br>                    Defendants. | Civil Action No. 2:11-cv-00290-JRG <br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT YELP INC.'S REPLY IN SUPPORT OF
ITS RENEWED MOTION TO SEVER AND TRANSFER**

**I.      INTRODUCTION**

Defendant Yelp submits this reply in support of its renewed motion to sever Yelp and to transfer Variant's action against Yelp to the Northern District of California.

**II.     THE COURT SHOULD SEVER THE CLAIMS AGAINST YELP.**

The Federal Circuit in *In re EMC Corp.* held that the "transaction or occurrence" test of Rule 20(a)(2)(A) is satisfied only if: (1) the accused products of independent defendants are "the same in respects relevant to the patent"; and (2) the claims against the defendants "share an aggregate of operative facts." 677 F.3d 1351, 1359-60 (Fed. Cir. 2012). Since Variant has failed to satisfy either element of Rule 20's "transaction-or-occurrence" test, Yelp's claims should be severed from the claims against the other defendants.

   **A.     Variant has failed to show that Yelp's website is the same as any other defendant's website in respects relevant to the asserted patent.**

The first part of the transaction or occurrence test asks whether Yelp's website and the other defendants' websites can fairly be characterized as "the same" product. *In re EMC Corp.*, 677 F.3d at 1359. The Federal Circuit has stated unambiguously that "joinder is not appropriate where different products or processes are involved." *Id*. Variant does not dispute that Yelp's website is different from the website of every other defendant. Instead, Variant makes two arguments, neither of which is sufficient under *In re EMC Corp*.

First, Variant argues that both Yelp and other defendants are accused of infringing claims 2 and 3 of the United States Patent No. 7,624,044 ("the '044 Patent"). Variant identifies each limitation of each claim and contends that some feature of Yelp's website meet that claim limitation. Variant then performs a similar analysis for the websites of the other defendants. Tellingly, Variant lumps the websites of all the other defendants together in that analysis, making clear that its infringement analysis does not turn on any distinguishing feature of any particular

defendant's website. As a result, Variant has done nothing more than establish that it has accused all of the defendants of infringement. "Sameness" cannot be established by showing that "the same patent claims are alleged to be infringed" by multiple defendants. *In re EMC Corp.*, 677 F.3d at 1359. To the contrary, the "sameness" inquiry requires that the accused website is the same, not merely that the theories of infringement are the same. *Id.*

Second, Variant argues that Yelp's motion to sever should be denied because the claims of the patent require Yelp's website to be linked to other websites on the web and Yelp's website is linked to the website of at least one other defendant. However, Variant disclaims any argument that the infringing instrumentality is the combination of Yelp's website and the website of any other defendant: Yelp's infringement is "not dependent on any other party, including not being dependent on any other defendant." Plaintiff's Response to Yelp's Renewed Motion to Sever and Transfer, Dkt. No. 86 ("Response") at 17. Whether Yelp infringes is thus a separate question from whether the website of any other defendant infringes, and one does not turn on the other. Variant has not made claims of joint infringement, induced infringement or contributory infringement. The only thing accused of infringement is Yelp's website, which will be evaluated based on its own functionality. In no way does this make Yelp's website and the website of any other defendant "the same" so as to satisfy the first prong of the transaction or occurrence test.

> **B.  Variant has failed to show that its claims against Yelp and other defendants share an aggregate of operative facts.**

The Federal Circuit held that even where the accused products are identical, joinder is not appropriate unless there is "an actual link between the facts underlying each claim of infringement." *In re EMC Corp.*, 677 F.3d at 1359. In determining whether there is such an actual link, the court may consider whether: (1) the acts of infringement occurred during the same time period; (2) a relationship exists between Yelp and other defendants; (3) Yelp and

other defendants used identically sourced components; (4) Yelp has licensing or technology agreements with other defendants; (5) Yelp's website development overlaps with other defendants' website development; and (6) Variant, as a non-practicing entity, has a bona fide claim for lost profits. *See id.* at 1359-1360.

Four of these considerations are concededly absent here. Variant does not contend that Yelp and any other defendant used identically sourced components, that Yelp has licensing or technology agreements with any other defendant, that Yelp's website development overlaps with other defendants' website development, or that Variant has a claim for lost profits. Response at 16-20. Instead, Variant contends that: (1) the defendants all presently infringe the '044 patent, and (2) Yelp has a relationship with the other defendants because it is possible to link to (some of) their websites from Yelp's website. *Id.*

The time of alleged infringement may be one relevant consideration in assessing whether claims against "coincidentally identical" products arise from the same aggregate of operative facts. *In re EMC*, 677 F.3d at 1359. But the fact that two defendants are accused of infringement during the same time frame does not suffice to prove that there is an actual link in the underlying facts giving rise to that infringement claim. In virtually all multi-defendant patent cases, plaintiffs allege that all defendants currently infringe the asserted claims. Temporal proximity does not in itself mean that that the underlying facts giving rise to the infringement claim are the same. And it makes little sense that the Federal Circuit would have decided *In re EMC* only to have it be limited to that rare multi-defendant case in which there is no temporal overlap in the infringement allegations.

Nor does the fact that Yelp's website happens to link to the website of another company (among many thousands of others) demonstrate the type of relationship between defendants with

which the *In re EMC* test is concerned. Variant does not contend that Yelp has a reseller or co-development agreement with any other defendant or that there is any corporate relationship between the parties that would mean that the *facts* underlying the infringement theories asserted against the defendants would be the same.

## III.   THE COURT SHOULD TRANSFER THE CASE AGAINST YELP.

Yelp originally requested the Court to sever the claims against it and to transfer the case against it to the Northern District of California. The Court instructed Yelp to file a revised motion to address the Federal Circuit's ruling in *In re EMC Corp*. Variant now complains that Yelp's revised opening brief addresses the transfer issue and cites a supplemental factual declaration. Variant has had the opportunity to file an opposition brief on all issues and will have the opportunity to file a sur-reply brief on both the severance and transfer issues in accordance with the stipulated briefing schedule. As a result, there is no possible prejudice to Variant from the submission of full briefing and the supplemental declaration in support of Yelp's motion.

In any event, it should make no difference to this Court's conclusion. It is undisputed that neither Variant nor Yelp has any connection to this District. Whether considered on the basis of the original papers or the current ones, the case should be transferred.

## IV.   CONCLUSION

Yelp respectfully requests the Court to sever Yelp and to transfer the action against it to the Northern District of California.

//

//

//

//

Dated: August 12, 2012

Respectfully submitted,

By: */s/ Daralyn J. Durie*
Daralyn J. Durie
Jesse Geraci
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111-3007
Telephone: (415) 362-6666
Email: ddurie@durietangri.com
Email: jgeraci@durietangri.com

Jennifer H. Doan
Texas Bar No. 08809050
Darby V. Doan
Texas Bar No. 00793622
HALTOM &DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: 903-255-1000
Facsimile: 903-255-0800
Email: jdoan@haltomdoan.com
Email: ddoan@haltomdoan.com

*Attorneys for Defendant
Yelp Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 12th day of August 2012. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Daralyn J. Durie*
Daralyn J. Durie