IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC AND VARIANT, INC. | |
| v. | NO. 2:11-cv-290-JRG |
| Z RESORTS LLC, ET AL. | JURY |

## PLAINTIFFS' SUR-REPLY TO YELP'S RENEWED MOTION TO SEVER AND TRANSFER

Yelp's Reply mischaracterizes its infringing systems and ignores the claim language of the '044 patent.  Relative to exemplary claims 2 and 3, and as established in Variant's Response, Variant is accusing Yelp's Computerized Central Communications Facility (CCCF) of infringement, which is adapted to be linked (and indeed is linked) to the CCCFs of each of Yelp's co-defendants.  In a first example, Yelp infringes claims 2 and 3 because its CCCF (*i.e.*, the Yelp website/server) is the "first" CCCF, and the respective CCCFs of Yelp's co-defendants (i.e., the co-defendants' websites/servers) are the "other" CCCFs.  In another example, the CCCFs of one or more of Yelp's co-defendants are the "first CCCF" and Yelp's CCCF is one of the "other" CCCF.  In both of these examples, which were shown in Variant's Response to track the claim language, the CCCFs at issue in the case are the same.  In other words, relative to Yelp, the infringing CCCFs are as follows:

**Yelp's CCCF is the First CCCF**

| First CCCF | Other CCCF[1] |
|---|---|
| YELP | EXTENDED STAY |
| YELP | NEXTAG |
| YELP | TANGLEWOOD |
| YELP | TRAVELNET |
| YELP | ZAZA |

**Yelp's CCCF is one of the Other CCCFs**

| First CCCF | Other CCCF |
|---|---|
| EXTENDED STAY | YELP |
| NEXTAG | YELP |
| TANGLEWOOD | YELP |
| TRAVELNET | YELP |
| ZAZA | YELP |

---

[1] Rosewood's CCCF is no longer a relevant CCCF because Rosewood as recently dismissed by agreed stipulation.

Another way of graphically representing this is as follows:



To further illustrate the nature of Yelp's infringement, attached hereto as Exhibit 2 are Variant's Infringement Contentions which were served on Defendants on August 15, 2012, in accordance with the Court's Scheduling Order.

Yelp alleges that the *EMC* case requires that every defendant must have the "same website." This allegation is baseless. Under *EMC*'s standard, "independent defendants satisfy the transaction-or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action," (*i.e.*, when "there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"). *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed.Cir.2012), "In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *Id.* Joinder of independent defendants does not require the same product; rather, it is appropriate "where the accused products or processes are the same *in respects relevant to the patent*." *Id.* at 1359 (emphasis added).

As explained in detail in Variant's Response and as described in Variant's infringement contentions, the infringement of each defendant is inextricably factually tied to the infringement of its co-defendants. In particular, the CCCFs of all the defendants are linked to each other via

the internet.  Further, each defendant infringes exemplary claims 2 and 3 by virtue of its "first" CCCF being linked to at least one "other" CCCF of its co-defendants.  Variant's Infringement Contentions underscore the accuracy of Variant's Response in setting forth its infringement theories for this case, which have been shown to line up with the claim elements.  For example, in the in P.R. 3-1 chart applicable to Yelp, it states that:

> Based upon present information and belief, Variant presently contends that the Yelp.com Accused Instrumentalities also meet this claim element because they are the first CCCF (see above re first CCCF) and the other CCCF (see above re other CCCF) has information relating to goods and/or services.  Concurrently herewith, Variant is serving P.R. 3-1 infringement charts in three cases, which are *Variant, Inc. et al v. Z Resorts LLC, et al.*, No. 2:11-cv-290-JRG, *Variant, Inc. et al v. AMERCO, et al.*, No. 2:11-cv-00427-JRG and *Variant Holdings LLC et al v. Hilton Hotels Holdings, et al.*, No. 2:11-cv-00427-JRG.  Each of those charts shows exemplary information relating to goods and/or services relative to each of the other CCCFs noted in each chart.

Ex. 2, YELP EXHIBIT, p. 12.  The converse is present in the infringement chart Exhibits relating to Yelp's co-defendants Extended Stay, NexTag, Tanglewood, TravelNet and Zaza. *See* Ex. 2.

Yelp's Reply mistakenly assumes that joint infringement is not an issue in this case.  However, in its infringement contentions, Variant has alleged joint infringement. *See* Ex. 2, p. 3.

Aside from its incorrect assumptions, Yelp's Reply alleges that, just because joint infringement is not necessary to find direct infringement in this case, its infringement is "a separate question from whether the website of any other defendant infringes, and one does not turn on the other." However, as demonstrated in Variant's Response (and also above), the websites of the infringements of the defendants are indeed factually intertwined and they are the same in respects relevant to the patent.

Further, Variant's Response has demonstrated (and Yelp has failed to refute) that Variant's claims against Yelp and other defendants share an aggregate of operative facts.  In the first instance, as noted in Variant's Response, the infringement of each defendant is inextricably

factually tied to the infringement of its co-defendants.   In particular, the CCCFs of all the defendants are linked to each other over the internet.   Further, each defendant infringes exemplary claims 2 and 3 by virtue of its "first" CCCF being linked to at least the "other" CCCFs of its co-defendants.   Yelp's Response omits addressing this overwhelming overlap of operative facts, and focuses on several factors -- some of which are marginally relevant (if at all) to this case -- that courts "may" consider under *EMC.*    Yet even those factors favor joinder.   First, the acts of infringement occurred during the same time period.   As noted in Variant's Infringement Contentions, each defendant has been infringing "since November 24, 2009." Second, a relationship does exist between Yelp and other defendants.   For example, there are reviews of Extended Stay hotels, hotel availability information, and even links to Extended Stay's infringing CCCF, on Yelp's infringing website. Ex. 3.   Likewise, there are reviews of Hotel ZaZa, hotel availability information, and even links to ZaZa's infringing CCCF, on Yelp's infringing website. Ex. 4.

Yelp's motion focuses on the issue of whether the defendants websites have "identically sourced components," but the claims of the '044 patent do not depend upon identically sourced components, so this consideration that a court *may* consider is not relevant to the issue of joinder.

Yelp's Response also focuses on whether its website development overlaps with other defendants' website development.   However, the '044 patent issued relatively recently – on November 24, 2009 – and Yelp has failed to show how early website development predating the patent's issuance[2] is a material relevant issue in this case.

Yelp's Response attempts to minimize *EMC*'s consideration of the "timing of infringement" because that "may" be present in "virtually every multi-defendant case." However, irrespective of whether overlapping timing of infringement is common in multi-defendant cases, it

---

[2] For example, Yelp's website alleges that it has been operating since 2004. Ex. 5.

is still a highly relevant consideration with respect to joinder.  Moreover, in the present case, the overlapping timing of infringement is highly relevant, and favors joinder, because each defendant infringes exemplary claims 2 and 3 including by virtue of its "first" CCCF being linked to at least the "other" CCCFs of its co-defendants.

Finally, Yelp's Response provides no justification for its violation of the Court's Order by re-writing and bolstering its Motion to Transfer Venue, without even seeking leave from the Court.  As noted in Variant's Response, Yelp's improper, revised Motion to Transfer should be stricken or disregarded by the Court.

Since the issue of venue has been fully briefed and since the Court has not authorized it to be re-briefed, Variant has not followed Yelp's lead in violating the Court's Order and briefing rules.  Yelp's Reply notes that Variant had the same "opportunity" to violate the Court's procedures, and thus Yelp argues that its misconduct should be rewarded.  Variant disagrees.

Irrespective of the foregoing, for at least the reasons noted in Variant's original Response (Doc. No. 44) and Sur-Reply (Doc No. 46), Yelp's motion to transfer should be denied.

Further, for the reasons stated above and in Variant's prior venue briefing, which is incorporated herein, Yelp's motion to transfer should be denied.


August 16, 2012                                    Respectfully submitted,

                                                   COLLINS, EDMONDS & POGORZELSKI, PLLC

                                                   By: /s/ *John J. Edmonds*
                                                   John J. Edmonds – Lead Counsel
                                                   Texas Bar No. 789758
                                                   Stephen F. Schlather
                                                   Texas Bar No. 24007993
                                                   COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                   1616 S. Voss Road, Suite 125
                                                   Houston, Texas 77057
                                                   Telephone: (281) 501-3425

Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

ATTORNEYS FOR PLAINTIFFS
VARIANT HOLDINGS, LLC AND
VARIANT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

August 16, 2012                                    /s/ *John J. Edmonds*
                                                   John J. Edmonds


                                                   ds