IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC<br>AND VARIANT, INC.<br><br>    PLAINTIFF,<br><br>  v.<br><br>Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. DBA HOTEL ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS; ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC.<br><br>    DEFENDANTS. | CASE NO. 2:11-CV-290-JRG<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs VARIANT HOLDINGS, LLC and VARIANT, INC. file this Complaint against

the Defendants named herein, namely Z RESORTS LLC D/B/A HOTEL ZAZA; Z RESORTS

MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA;

TRANSFORMATION 5701, L.L.C. (F/K/A TRANSFORMATION 5701, L.P.) D/B/A HOTEL

ZAZA HOUSTON; GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA

DALLASESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS; HVM, LLC D/B/A EXTENDED STAY HOTELS; EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS; NEXTAG, INC.; PRICE WATCH CORP.; ROSEWOOD HOTEL INVESTMENTS, INC.; ROSEWOOD HOTELS AND RESORTS, L.L.C.; RRCC, L.P. D/B/A ROSEWOOD CRESCENT HOTEL; ROSEWOOD PROPERTY COMPANY D/B/A ROSWOOD MANSION ON TURTLE CREEK; THE CARLYLE, LLC D/B/A THE CARLYLE, A ROSEWOOD HOTEL; STREETPRICES.COM, INC. D/B/A STREETPRICES.COM CORP. D/B/A STREETPRICES.COM; TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT; TRAVELNET SOLUTIONS, INC. AND YELP! INC. (collectively "Defendants"), as follows:

## PARTIES

1. Plaintiff VARIANT HOLDINGS, LLC has a place of business in Charlestown, Nevis.

2. Plaintiff VARIANT, INC. has a place of business in McFarland, Wisconsin. Hereinafter, VARIANT HOLDINGS, L.L.C. and VARIANT, INC. are collectively referred to as "VARIANT."

3. On information and belief, Defendant Z RESORTS LLC D/B/A HOTEL ZAZA has a place of business in Dallas, Texas.

4. On information and belief, Defendant Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA has a place of business in Dallas, Texas.

5. On information and belief, Defendant Transformation 5701, L.L.C. (f/k/a TRANSFORMATION 5701, L.P.) D/B/A HOTEL ZAZA HOUSTON has a place of business in Houston, Texas.

6. On information and belief, Defendant GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS has a place of business in Dallas, Texas.

7. On information and belief, Defendant Z RESORTS, INC. D/B/A HOTEL ZAZA has a place of business in Dallas, Texas. Hereinafter, Z RESORTS LLC D/B/A HOTEL ZAZA, Z RESORTS MANAGEMENT, L.L.C. D/B/A HOTEL ZAZA; Z RESORTS, INC. D/B/A HOTEL ZAZA; TRANSFORMATION 5701, L.P. D/B/A HOTEL ZAZA HOUSTON and GIVENS-RECORDS DEVELOPMENT, LTD D/B/A HOTEL ZAZA DALLAS are collectively referred to as "ZAZA."

8. On information and belief, Defendant ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS has a place of business in Spartanburg, South Carolina.

9. On information and belief, Defendant HVM, LLC D/B/A EXTENDED STAY HOTELS has a place of business in Spartanburg, South Carolina.

10. On information and belief, Defendant EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS has a place of business in Spartanburg, South Carolina. Hereinafter, ESA P PORTFOLIO L.L.C. D/B/A EXTENDED STAY HOTELS, HVM, LLC D/B/A EXTENDED STAY HOTELS, and EXTENDED STAY AMERICA, INC. D/B/A EXTENDED STAY HOTELS are collectively referred to as "EXTENDED STAY."

11. On information and belief, Defendant NEXTAG, INC. ("NEXTAG") has a place of business in San Mateo, California.

12. On information and belief, Defendant PRICE WATCH CORP. ("PRICE WATCH") has a place of business in San Antonio, Texas.

13. On information and belief, Defendant ROSEWOOD HOTEL INVESTMENTS, INC. has a place of business in Dallas, Texas.

14. On information and belief, Defendant TANGLEWOOD RESORT PROPERTIES, INC. D/B/A TANGLEWOOD RESORT ("TANGELWOOD") has a place of business in Pottsboro, Texas

15. On information and belief, Defendant TRAVELNET SOLUTIONS, INC. ("TRAVELNET") has a place of business in Cottage Grove, Minnesota.

16. On information and belief, Defendant YELP! INC. ("YELP") has a place of business in San Francisco, California.

## JURISDICTION AND VENUE

17. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

18. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm

Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,624,044

19.     United States Patent No. 7,624,044 (the "'044 patent"), entitled "System for marketing goods and services utilizing computerized central and remote facilities," duly and legally issued on November 24, 2009.

20.     VARIANT HOLDINGS, LLC is the assignee of the '044 Patent. VARIANT, INC. is the exclusive licensee of the '044 patent. Plaintiffs have standing to bring this lawsuit for infringement of the '044 Patent.

21.     The claims of the '044 Patent cover, *inter alia,* apparatuses to market and/or sell goods or services over an electronic network comprising: a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

22.     The claims of the '044 Patent cover, *inter alia,* apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of the computerized central communications facilities is adapted to provide customers a list of computerized central communications facilities permitting such customers to select and contact the other computerized central communications facilities to request additional information relating to goods or services.

23.     On information and belief, all Defendants named herein have infringed the '044 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities.

24.     On information and belief, ZAZA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network

comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.hotelzaza.com.

25. On information and belief, EXTENDED STAY has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.exstay.com, www.homesteadhotels.com, www.extendedstayamerica.com, www.extendedstaydeluxe.com, www.studioplus.com and/or www.crosslandstudios.com.

26. On information and belief, NEXTAG has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of the computerized central communications facilities is adapted to provide customers a list of computerized central communications facilities permitting such customers to select and contact the other computerized central communications facilities to

request additional information relating to goods or services, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.nextag.com.

27.     On information and belief, PRICE WATCH has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of the computerized central communications facilities is adapted to provide customers a list of computerized central communications facilities permitting such customers to select and contact the other computerized central communications facilities to request additional information relating to goods or services, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.pricewatch.com.

28.     On information and belief, TANGELWOOD has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.tanglewood.com.

29.     On information and belief, TRAVELNET has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.resortsandlodges.com.

30.     On information and belief, YELP has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of the computerized central communications facilities is adapted to provide customers a list of computerized central communications facilities permitting such customers to select and contact the other computerized central communications facilities to request additional information relating to goods or services, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise www.yelp.com.

31.     To the extent that facts learned during the pendency of this case show that Defendants' infringement includes indirect infringement, VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

32. To the extent that facts learned during the pendency of this case show that this is an "exceptional case," VARIANT reserves the right to amend this complaint accordingly, and to request such a finding at time of trial.

33. Upon information and belief, each Defendant's infringement of the '044 patent since receiving notice of the patent, at a minimum by virtue of this lawsuit, has necessarily been willful and objectively reckless at least due to the fact that the Defendants' infringement is clear and there is no known good faith basis to assert invalidity.

34. As a result of Defendants' infringing conduct, Defendants have damaged VARIANT. Defendants are liable to VARIANT in an amount that adequately compensates VARIANT for their infringement, which, by law, can be no less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, VARIANT respectfully requests that this Court enter:

1. A judgment in favor of VARIANT that Defendants have infringed the '044 patent;

2. A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '044 patent;

3. A judgment and order requiring Defendants to pay VARIANT its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '044 patent as provided under 35 U.S.C. §§ 284 and/or 285; and

4. Any and all other relief to which VARIANT may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VARIANT requests a trial by jury of any issues so triable by right.

September 26, 2012

Respectfully submitted,

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/ *John J. Edmonds*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler & Fussell P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@sfipfirm.com

ATTORNEYS FOR PLAINTIFFS
VARIANT HOLDINGS, LLC AND
VARIANT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

September 26, 2012

/s/ *John J. Edmonds*
John J. Edmonds