IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VARIANT HOLDINGS, LLC, ET AL<br><br>V.<br><br>Z RESORTS LLC, ET AL. | NO. 2:11-CV-290-JRG<br>CONSOLIDATED |
| VARIANT HOLDINGS, LLC, ET AL.<br><br>V.<br><br>AMERCO, ET AL. | NO. 2:11-CV-422-JRG<br>CONSOLIDATED |
| VARIANT HOLDINGS, LLC, ET AL.<br><br>V.<br><br>HILTON HOTELS HOLDINGS; ET AL. | NO. 2:11-CV-427-JRG<br>CONSOLIDATED |

## FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT[1]

Plaintiffs VARIANT HOLDINGS, LLC and VARIANT, INC. file this Amended Complaint against the Defendants named herein (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff VARIANT HOLDINGS, LLC has a place of business in Charlestown, Nevis.

2.      Plaintiff VARIANT, INC. has a place of business in Texas. Hereinafter, VARIANT HOLDINGS, L.L.C. and VARIANT, INC. are collectively referred to as "VARIANT."

3.      On information and belief, Defendants HILTON HOTELS HOLDINGS LLC, HILTON GOLBAL HOLDINGS LLC, HILTON WORLDWIDE HOLDINGS, INC. and HILTON WORLDWIDE, INC. F/K/A HILTON HOTELS CORP. D/B/A CONRAD HOTELS & RESORTS D/B/A DOUBLETREE BY HILTON  D/B/A EMBASSY SUITES HOTELS

---

[1] This Fourth Amended Complaint is specifically for the *HILTON HOTELS HOLDINGS* case.

D/B/A HAMPTON INN D/B/A HAMPTON INN & SUITES D/B/A HILTON HOTELS & RESORTS D/B/A HILTON GARDEN INN D/B/A HOME2 SUITES BY HILTON D/B/A HOMEWOOD SUITES BY HILTON D/B/A WALDORF ASTORIA HOTELS & RESORTS D/B/A HILTON GRAND VACATIONS (collectively "HILTON") each has a place of business in McLean, Virginia.

4.     On information and belief, Defendant G6 HOSPITALITY LLC F/K/A ACCOR NORTH AMERICA, INC. and D/B/A MOTEL 6 D/B/A STUDIO 6 D/B/A NOVOTEL HOTELS D/B/A SOFITEL ("G6") has a place of business in Carrollton, Texas.

5.     On information and belief, Defendant BAYMONT FRANCHISE SYSTEMS, INC. D/B/A BAYMONT INN & SUITES ("BAYMONT INNS") has a place of business in Parsippany, New Jersey.

6.     On information and belief, Defendant BENCHMARK HOSPITALITY INTERNATIONAL D/B/A HOTEL CONTESSA ("BENCHMARK") has a place of business in The Woodlands, Texas.

7.     On information and belief, Defendant DAYS INNS WORLDWIDE, INC. ("DAYS INNS") has a place of business in Parsippany, New Jersey.

8.     On information and belief, Defendants DOLLAR RENT A CAR, INC., DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and THRIFTY, INC. D/B/A THRIFTY CAR RENTAL (collectively "DOLLAR THRIFTY") each has a place of business in Tulsa, Oklahoma.

9.     On information and belief, Defendant ENTERPRISE HOLDINGS, INC. D/B/A ENTERPRISE RENT-A-CAR D/B/A ALAMO RENT-A-CAR D/B/A NATIONAL CAR RENTAL ( "ENTERPRISE") has a place of business in Tulsa, Oklahoma.

10.     On information and belief, Defendant FERTITTA HOSPITALITY, INC. D/B/A HILTON GALVESTON ISLAND RESORT ("FERTITTA") has a place of business in Galveston, Texas.

11.     On information and belief, Defendant HAWTHORN SUITES FRANCHISING, INC. ("HAWTHORN") has a place of business in Atlanta, Georgia.

12.     On information and belief, Defendant HOWARD JOHNSON INTERNATIONAL, INC. ("HOWARD JOHNSON") has a place of business in Parsippany, New Jersey.

13.     On information and belief, Defendants HYATT CORPORATION, HYATT HOTELS MANAGEMENT CORPORATION, HYATT HOTELS CORPORATION D/B/A PARK HYATT D/B/A ANDAZ D/B/A GRAND HYATT HOTELS D/B/A HYATT REGENCY HOTELS D/B/A HYATT SUMMERFIELD SUITES D/B/A HYATT RESORTS D/B/A HYATT VACATION CLUB, HYATT PLACE FRANCHISING, L.L.C. and SELECT HOTELS GROUP, L.L.C D/B/A HYATT PLACE (collectively "HYATT") each has a place of business in Chicago, Illinois.

14.     On information and belief, Defendant KNIGHTS FRANCHISE SYSTEMS, INC. D/B/A KNIGHTS INN ("KNIGHTS INN") has a place of business in Parsippany, New Jersey.

15.     On information and belief, Defendants MICROTEL INNS AND SUITES FRANCHISING, INC. D/B/A MICROTEL INN & SUITES and U.S. FRANCHISE SYSTEMS, INC. (collectively "MICROTEL") each has a place of business in Parsippany, New Jersey and Atlanta, Georgia, respectively.

16.     On information and belief, Defendant PAYLESS RENTAL CAR SYSTEM, INC. ("PAYLESS") has a place of business in St. Petersburg, Florida.

17.     On information and belief, Defendant RAMADA WORLDWIDE INC. ("RAMADA") has a place of business in Parsippany, New Jersey.

18.     On information and belief, Defendant RED LION HOTELS CORP. ("RED LION") has a place of business in Spokane, Washington.

19.     On information and belief, Defendant SUPER 8 WORLDWIDE, INC. ("SUPER 8") has a place of business in Parsippany, New Jersey.

20.     On information and belief, Defendant TRAVELODGE HOTELS, INC. ("TRAVELODGE") has a place of business in Parsippany, New Jersey.

21.     On information and belief, Defendant TRYP HOTELS WORLDWIDE, INC. ("TRYP") has a place of business in Parsippany, New Jersey.

22.     On information and belief, Defendant WINGATE INNS INTERNATIONAL, INC. ("WINGATE") has a place of business in Parsippany, New Jersey.

23.     On information and belief, Defendants WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM VACATION RESORTS, INC. and WYNDHAM WORLDWIDE CORPORATION (collectively "WYNDHAM") each has a place of business in Parsippany, New Jersey.

24.     On information and belief, Defendants OMNI HOTELS MANAGEMENT CORPORATION D/B/A OMNI HOTELS  ("OMNI") has a place of business in Irving, Texas.

25.     On information and belief, Defendant ACCOR BUSINESS & LEISURE NORTH AMERICA, INC. D/B/A MOTEL 6 D/B/A STUDIO 6 D/B/A NOVOTEL HOTELS D/B/A SOFITEL ("ACCOR B&L") has a place of business in Carrollton, Texas.  Hereinafter, ACCOR B&L and ACCOR NORTH AMERICA are collectively referred to as "ACCOR."

## JURISDICTION AND VENUE

26.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27.     On information and belief, all of the Defendants, namely ACCOR; BAYMONT INNS; BENCHMARK; DAYS INNS; DOLLAR THRIFTY; ENTERPRISE; FERTITTA; G6; HAWTHORN; HILTON; HOWARD JOHNSON; HYATT; KNIGHTS INN; MICROTEL; OMNI; PAYLESS; RAMADA; RED LION; SUPER 8; TRAVELODGE; TRYP; WINGATE and WYNDHAM, are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum. Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

28.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Without limitation, on information and belief, all of the Defendants, namely ACCOR; BAYMONT INNS; BENCHMARK; DAYS INNS; DOLLAR THRIFTY; ENTERPRISE; FERTITTA; HAWTHORN; HILTON; HOWARD JOHNSON; HYATT; G6, KNIGHTS INN; MICROTEL; OMNI; PAYLESS; RAMADA; RED LION; SUPER 8; TRAVELODGE; TRYP; WINGATE and WYNDHAM, are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in

this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein. Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,624,044**

29.     United States Patent No. 7,624,044 (the "'044 patent"), entitled "System for marketing goods and services utilizing computerized central and remote facilities," duly and legally issued on November 24, 2009.

30.     VARIANT HOLDINGS, LLC is the assignee of the '044 Patent.  VARIANT, INC. is the exclusive licensee of the '044 patent.  Plaintiffs have standing to bring this lawsuit for infringement of the '044 Patent.

31.     The claims of the '044 Patent cover, *inter alia,* apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

32.     On information and belief, all Defendants named herein have infringed the '044 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals.

33.     On information and belief, one or more of HILTON HOTELS HOLDINGS LLC, HILTON GOLBAL HOLDINGS LLC, HILTON WORLDWIDE HOLDINGS, INC. and HILTON WORLDWIDE, INC. owns and/or operates the websites found at www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com, www.doubletree.hilton.com, www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com, www.homewoodsuites.hilton.com, www.waldorfastoria.com, and/or www.hiltongrandvacations.com.

34.     On information and belief, HILTON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com, www.doubletree.hilton.com, www.embassysuites.hilton.com,

www.hamptoninn.hilton.com,  www.hiltongardeninn.hilton.com,  www.home2suites.hilton.com,  www.homewoodsuites.hilton.com,  www.waldorfastoria.com,  and/or  www.hiltongrandvacations.com.

35.    Additionally, or in the alternative, HILTON infringes the '044 patent jointly with the host(s) of the computers that host www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com,  www.doubletree.hilton.com,  www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com, www.homewoodsuites.hilton.com,  www.waldorfastoria.com,  and/or www.hiltongrandvacations.com, including because said hosting is done under the direction and control of HILTON.

36.    Moreover, on information and belief, HILTON has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com,  www.doubletree.hilton.com,  www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com, www.homewoodsuites.hilton.com,  www.waldorfastoria.com,  and/or www.hiltongrandvacations.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.hiltonworldwide.com, www.hilton.com, www.conradhotels.hilton.com,  www.doubletree.hilton.com,  www.embassysuites.hilton.com, www.hamptoninn.hilton.com, www.hiltongardeninn.hilton.com, www.home2suites.hilton.com, www.homewoodsuites.hilton.com,  www.waldorfastoria.com,  and/or www.hiltongrandvacations.com by end user customers. Upon information and belief, such

8

induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

37.     On information and belief, ACCOR B&L currently owns and/or operates the website known as www.sofitel.com  and formerly owned and/or operated the websites known as www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com.

38.     On information and belief, ACCOR B&L has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its current and/or former websites for renting hotel rooms, namely www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com.

39.     Additionally, or in the alternative, ACCOR B&L infringes the '044 patent jointly with the host(s) of the computers that host www.sofitel.com  and formerly owned and/or operated the websites known as www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com, including because said hosting is done under the direction and control of ACCOR B&L.

40.     Moreover, on information and belief, ACCOR B&L has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making

and using of systems associated with the hosting of www.sofitel.com  and formerly owned and/or operated the websites known as www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.sofitel.com  and formerly owned and/or operated the websites known as www.motel6.com, www.staystudio6.com, www.novotel.com and/or www.sofitel.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

41.    On information and belief, BAYMONT INNS owns and/or operates the website known as www.baymontinns.com.

42.    On information and belief, BAYMONT INNS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.baymontinns.com.

43.    Additionally, or in the alternative, BAYMONT INNS infringes the '044 patent jointly with the host(s) of the computers that host www.baymontinns.com, including because said hosting is done under the direction and control of BAYMONT INNS.

44.     Moreover, on information and belief, BAYMONT INNS has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.baymontinns.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.baymontinns.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

45.     On information and belief, BENCHMARK owns and/or operates the website known as www.thehotelcontessa.com.

46.     On information and belief, BENCHMARK has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.thehotelcontessa.com.

47.     Additionally, or in the alternative, on information and belief, BENCHMARK infringes the '044 patent jointly with the host(s) of all or part of the content associated with www.thehotelcontessa.com, including without limitation, Travelclick, Inc., including because the booking engine system of Travelclick, Inc., including at bookings.ihotelier.com, in relevant part,

is under the direction and control of BENCHMARK, including on account of BENCHMARK's programming and configuration of its portion of said booking engine system.

48.     Moreover, on information and belief, BENCHMARK has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting in whole or part of www.thehotelcontessa.com, including the hosting of bookings.ihotelier.com by TravelClick, Inc., and/or by aiding and abetting the using of systems associated with bookings.ihotelier.com and/or www.thehotelcontessa.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

49.     On information and belief, DAYS INNS owns and/or operates the website known as www.daysinn.com.

50.     On information and belief, DAYS INNS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.daysinn.com.

51.     Additionally, or in the alternative, DAYS INNS infringes the '044 patent jointly with the host(s) of the computers that host www.daysinn.com, including because said hosting is done under the direction and control of DAYS INNS.

52.     Moreover, on information and belief, DAYS INNS has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.hawthorn.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.hawthorn.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

53.     On information and belief, one or more of DOLLAR RENT A CAR, INC., DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. and/or THRIFTY, INC. owns and/or operates the websites known as www.dollar.com and/or www.thrifty.com.

54.     On information and belief, DOLLAR THRIFTY has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting vehicles, namely www.dollar.com and www.thrifty.com.

55.     Additionally, or in the alternative, DOLLAR THRIFTY infringes the '044 patent jointly with the host(s) of the computers that host www.dollar.com and www.thrifty.com, including because said hosting is done under the direction and control of DOLLAR THRIFTY.

56.     Moreover, on information and belief, DOLLAR THRIFTY has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.dollar.com and www.thrifty.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.dollar.com and www.thrifty.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

57.     On information and belief, ENTERPRISE owns and/or operates the websites known as www.nationalcar.com, www.alamo.com, and www.enterprise.com.

58.     On information and belief, ENTERPRISE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting vehicles, namely www.nationalcar.com, www.alamo.com, and www.enterprise.com.

59.     On information and belief, the making and using by HILTON of system associated with the website known as www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do directly infringes the '044 patent.

60.     On information and belief, FERTITTA infringes the '044 patent jointly with HILTON and/or the host(s) of the computers that host www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do, including because said hosting is done under the direction and control of FERTITTA.

61.     Additionally, on information and belief, FERTITTA has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www1.hilton.com/en_US/hi/hotel/GLSGIHF-Hilton-Galveston-Island-Resort-Texas/index.do by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

62.     On information and belief, G6 currently owns and/or operates the websites known as www.motel6.com, www.staystudio6.com and/or www.novotel.com.

63.     On information and belief, G6 has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a

computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its current and/or former websites for renting hotel rooms, namely www.motel6.com, www.staystudio6.com, and/or www.novotel.com.

64.     Additionally, or in the alternative, G6 infringes the '044 patent jointly with the host(s) of the computers that host www.motel6.com, www.staystudio6.com, and/or www.novotel.com, including because said hosting is done under the direction and control of G6.

65.     Moreover, on information and belief, G6 has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.motel6.com, www.staystudio6.com, and/or www.novotel.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.motel6.com, www.staystudio6.com, and/or www.novotel.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

66.     On information and belief, HAWTHORN owns and/or operates the website known as www.hawthorn.com.

67.     On information and belief, HAWTHORN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over

an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.hawthorn.com.

68.   Additionally, or in the alternative, HAWTHORN infringes the '044 patent jointly with the host(s) of the computers that host www.hawthorn.com, including because said hosting is done under the direction and control of HAWTHORN.

69.   Moreover, on information and belief, HAWTHORN has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.hawthorn.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.hawthorn.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

70.   On information and belief, HOWARD JOHNSON owns and/or operates the website known as www.hojo.com.

71.   On information and belief, HOWARD JOHNSON has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to

be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.hojo.com.

72.     Additionally, or in the alternative, HOWARD JOHNSON infringes the '044 patent jointly with the host(s) of the computers that host www.hojo.com, including because said hosting is done under the direction and control of HOWARD JOHNSON.

73.     Moreover, on information and belief, HOWARD JOHNSON has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.hojo.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.hojo.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

74.     On information and belief, one or more of HYATT CORPORATION, HYATT HOTELS MANAGEMENT CORPORATION, HYATT HOTELS CORPORATION, HYATT PLACE FRANCHISING, L.L.C. and SELECT HOTELS GROUP, L.L.C D/B/A HYATT PLACE owns and/or operates the websites known as www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com, www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com.

75.     On information and belief, HYATT has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com, www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com.

76.     Additionally, or in the alternative, HYATT infringes the '044 patent jointly with the host(s) of the computers that host www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com, www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com, including because said hosting is done under the direction and control of HYATT.

77.     Moreover, on information and belief, HYATT has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com, www.regency.hyatt.com, www.summerfield.hyatt.com,

www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.hyatt.com, www.park.hyatt.com, www.andaz.com, www.grand.hyatt.com,          www.regency.hyatt.com,          www.summerfield.hyatt.com, www.hyattresorts.com, www.hyattplace.hyatt.com, www.hyatt.com/hyatt/place/franchises and www.hyattvacationclub.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

78.     On information and belief, KNIGHTS INN owns and/or operates the website known as www.knightsinn.com.

79.     On information and belief, KNIGHTS INN has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.knightsinn.com.

80.     Additionally, or in the alternative, KNIGHTS INN infringes the '044 patent jointly with the host(s) of the computers that host www.knightsinn.com, including because said hosting is done under the direction and control of KNIGHTS INN.

81.     Moreover, on information and belief, KNIGHTS INN has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.knightsinn.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.knightsinn.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

82.     On information and belief, one or more of MICROTEL owns and/or operates the websites known as www.microtelinn.com.

83.     On information and belief, MICROTEL has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.microtelinn.com.

84.     Additionally, or in the alternative, MICROTEL infringes the '044 patent jointly with the host(s) of the computers that host www.microtelinn.com, including because said hosting is done under the direction and control of MICROTEL.

21

85.     Moreover, on information and belief, MICROTEL has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.microtelinn.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.microtelinn.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

86.     On information and belief, PAYLESS owns and/or operates the website known as www.paylesscar.com.

87.     On information and belief, PAYLESS has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting vehicles, namely www.paylesscar.com.

88.     On information and belief, RAMADA owns and/or operates the website known as www.ramada.com.

89.     On information and belief, RAMADA has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale

in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.ramada.com.

90.     Additionally, or in the alternative, RAMADA infringes the '044 patent jointly with the host(s) of the computers that host www.ramada.com, including because said hosting is done under the direction and control of RAMADA.

91.     Moreover, on information and belief, RAMADA has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.ramada.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.ramada.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

92.     On information and belief, RED LION owns and/or operates the website known as www.redlion.com.

93.     On information and belief, RED LION has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic

network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.redlion.com.

94.     Additionally, or in the alternative, RED LION infringes the '044 patent jointly with the host(s) of the computers that host www.redlion.com, including because said hosting is done under the direction and control of RED LION.

95.     Moreover, on information and belief, RED LION has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.redlion.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.redlion.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

96.     On information and belief, SUPER 8 owns and/or operates the website known as www.super8.com.

97.     On information and belief, SUPER 8 has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to

a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.super8.com.

98.     Additionally, or in the alternative, SUPER 8 infringes the '044 patent jointly with the host(s) of the computers that host www.super8.com, including because said hosting is done under the direction and control of SUPER 8.

99.     Moreover, on information and belief, SUPER 8 has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.super8.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.super8.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

100.    On information and belief, TRAVELODGE owns and/or operates the website known as www.travelodge.com.

101.    On information and belief, TRAVELODGE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central

25

communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.travelodge.com.

102.    Additionally, or in the alternative, TRAVELODGE infringes the '044 patent jointly with the host(s) of the computers that host www.travelodge.com, including because said hosting is done under the direction and control of TRAVELODGE.

103.    Moreover, on information and belief, TRAVELODGE has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.travelodge.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.travelodge.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

104.    On information and belief, TRYP owns and/or operates the website known as www.tryphotels.com.

105.    On information and belief, TRYP has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted

26

to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.tryphotels.com.

106.    Additionally, or in the alternative, TRYP infringes the '044 patent jointly with the host(s) of the computers that host www.tryphotels.com, including because said hosting is done under the direction and control of TRYP.

107.    Moreover, on information and belief, TRYP has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.tryphotels.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.tryphotels.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

108.    On information and belief, WINGATE owns and/or operates the website known as www.wingatehotels.com.

109.    On information and belief, WINGATE has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims

of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.wingatehotels.com.

110.    Additionally, or in the alternative, WINGATE infringes the '044 patent jointly with the host(s) of the computers that host www.wingatehotels.com, including because said hosting is done under the direction and control of WINGATE.

111.    Moreover, on information and belief, WINGATE has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.wingatehotels.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.wingatehotels.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

112.    On information and belief, one or more of WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM VACATION RESORTS, INC. and/or WYNDHAM WORLDWIDE CORPORATION owns and/or operates the websites known as www.wyndham.com and www.wyndhamvacationresorts.com.

113.    On information and belief, WYNDHAM has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications facilities, wherein at least one of said computerized central communications facilities is adapted

to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its websites for renting hotel rooms, namely www.wyndham.com and www.wyndhamvacationresorts.com.

114.   Additionally, or in the alternative, WYNDHAM infringes the '044 patent jointly with the host(s) of the computers that host www.wyndham.com and www.wyndhamvacationresorts.com, including because said hosting is done under the direction and control of WYNDHAM.

115.   Moreover, on information and belief, WYNDHAM has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.wyndham.com and www.wyndhamvacationresorts.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.wyndham.com and www.wyndhamvacationresorts.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

116.   On information and belief, OMNI owns and/or operates the website known as www.omnihotels.com.

117.   On information and belief, OMNI has infringed the '044 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States of apparatuses to market and/or sell goods or services over an electronic network comprising a first computerized central communications facility adapted to be linked to a computerized remote facility and to a plurality of other computerized central communications

facilities, wherein at least one of said computerized central communications facilities is adapted to provide customer information regarding rentals, and which are covered by one or more claims of the '044 patent. On information and belief, such apparatuses comprise its website for renting hotel rooms, namely www.omnihotels.com.

118.    Additionally, or in the alternative, OMNI infringes the '044 patent jointly with the host(s) of the computers that host www.omnihotels.com, including because said hosting is done under the direction and control of OMNI.

119.    Moreover, on information and belief, OMNI has been and now is indirectly infringing by way of intentionally inducing infringement of the '044 patent in this judicial district, and elsewhere in the United States, including by aiding and abetting the making and using of systems associated with the hosting of www.omnihotels.com by the host(s) thereof, and/or by aiding and abetting the using of the systems associated with the hosting of www.omnihotels.com by end user customers. Upon information and belief, such induced infringement has occurred at least since this Defendant became aware of the '044 patent, at least through becoming aware of Variant's Original Complaint.

120.    Upon information and belief, each Defendant's infringement of the '044 patent since receiving notice of the patent, at a minimum by virtue of this lawsuit, has necessarily been willful and objectively reckless at least due to the fact that the Defendants' infringement is clear and there is no known good faith basis to assert invalidity.

121.    As a result of Defendants' infringing conduct, Defendants have damaged VARIANT. Defendants are liable to VARIANT in an amount that adequately compensates VARIANT for their infringement, which, by law, can be no less than a reasonable royalty.

122.    Further, Plaintiffs incorporate by reference their P.R. 3-1 Infringement Contentions as if fully set forth herein, in order to provide further notice of their infringement contentions for this matter.

### PRAYER FOR RELIEF

WHEREFORE, VARIANT respectfully requests that this Court enter:

1.    A judgment in favor of VARIANT that Defendants have infringed the '044 patent;

2.    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '044 patent;

3.    A judgment and order requiring Defendants to pay VARIANT its damages, costs, expenses, fees and prejudgment and post-judgment interest for Defendants' infringement of the '044 patent as provided under 35 U.S.C. §§ 284 and/or 285;

4.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to VARIANT its reasonable attorneys' fees; and

5.    Any and all other relief to which VARIANT may show itself to be entitled.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, VARIANT requests a trial by jury of any issues so triable by right.

January 8, 2013                         Respectfully submitted,

                                        COLLINS, EDMONDS & POGORZELSKI, PLLC

                                        By: /s/ *John J. Edmonds*
                                        John J. Edmonds – Lead Counsel
                                        Texas Bar No. 789758
                                        Stephen F. Schlather
                                        Texas Bar No. 24007993

COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
sschlather@cepiplaw.com

Andrew W. Spangler
Texas Bar No. 24041960
Spangler & Fussell P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@sfipfirm.com

ATTORNEYS FOR PLAINTIFFS
VARIANT HOLDINGS, LLC AND
VARIANT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

January 8, 2013                    /s/ *John J. Edmonds*
                                   John J. Edmonds